-PS-0-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GEORGE LIPINSKI, 02-A-4092,

Plaintiff,

-v-

**DECISION and ORDER**
05-CV-164S

GLENN S. GOORD, Commissioner,
NEW YORK STATE DEPT. OF CORRECTIONAL
SERVICES, and DEPERIO, Dr., Correctional
Physician,

Defendants.

## INTRODUCTION

Plaintiff, George Lipinski, an inmate of the Wyoming Correctional Facility, has filed

this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both

requested permission to proceed *in forma pauperis* and filed a signed Authorization

(Docket No. 2). Plaintiff claims that the Defendants, Glenn Goord, the Commissioner of

the New York State Department of Correctional Services, the New York State Department

of Correctional Services ("DOCS"), and Dr. DePerio, a physician at Wyoming, violated his

rights when Dr. DePerio apparently mis-diagnosed a heart ailment and prescribed him the

wrong medications, which caused him headaches and nausea. For the reasons discussed

below, Plaintiff's request to proceed as a poor person is granted, his claim against

Defendant Goord and DOCS is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

1915A, and unless Plaintiff files an amended complaint as directed below with respect to

his lone remaining claim against Defendant DePerio, said claim will be dismissed with prejudice pursuant to §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, Plaintiff is granted permission to proceed in forma pauperis. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this Complaint. In evaluating the Complaint, the Court must accept as true all factual allegations and must draw all inferences in Plaintiff's favor. See King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); see also Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the Complaint, the Court finds that Plaintiff's claims against Defendants Goord and DOCS must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), because they fail to state a claim upon which relief may be granted. In addition, the Court finds that the Plaintiff's remaining

2

claim against Dr. DePerio must be dismissed unless Plaintiff files an amended complaint as directed below.  An amended complaint must also allege facts which establish that Plaintiff exhausted his internal administrative remedies regarding the claim raised in the Complaint.  See 42 U.S.C. § 1997e(a).[1]

### 1. Claims Against Goord and DOCS Must be Dismissed

As noted, Plaintiff alleges that he was denied adequate medical care at Wyoming when he was prescribed several heart medications by Defendant DePerio, which caused him headaches and nausea.  Further, Plaintiff contends that when he was seen by another physician, he was told that his condition had been mis-diagnosed and that he had been prescribed the wrong medications.  There are no separate allegations against Goord or DOCS.

A prerequisite for liability under a § 1983 claim is personal involvement by the Defendant in the alleged constitutional deprivation.  Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997); Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986); see also Colon v. Coughlin, 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim").  Because the claim against Goord fails to allege in any way his personal involvement in the alleged constitutional deprivation, the claim against him must be dismissed with prejudice.

---

[1]The form complaint authorized for use by prisoners filing a claim under 42 U.S.C. § 1983, specifically asks whether or not the plaintiff filed a grievance relating to the claim raised in the complaint, whether or not he appealed the decision made with respect to the grievance, and if he did not file a grievance, why he did not.  Plaintiff utilized this form but failed to answer these questions set forth on page 6 of the form complaint.  Plaintiff's failure to answer these questions on the amended complaint will lead to the dismissal of his claim against Defendant DePerio without prejudice.

As to the claim against DOCS, it must be dismissed because, pursuant to the Eleventh Amendment to the United States Constitution, a state agency, like DOCS, is not subject to suit in federal court. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *see also Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999) ("An official arm of the state," such as a state agency, "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself.")

## 2. Claim Against Dr. DePerio

Plaintiff's claim against Dr. DePerio fails to state a claim of constitutionally inadequate medical care under the Eighth Amendment and unless Plaintiff files an amended complaint in which he sets forth sufficient allegations stating a claim of inadequate medical care, this action will be dismissed with prejudice.[2] *See Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his Complaint to state a cause of action").

A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that Defendant was deliberately indifferent to a plaintiff's

---

[2]The Court was inclined to dismiss the entire Complaint with prejudice in the first instance based on its failure to state a claim for relief and the apparent futility of amending the claim against DePerio. However, pursuant to the holdings of the Second Circuit Court of Appeals, the Court will provide Plaintiff the opportunity to amend the Complaint as against DePerio. *See, e.g., McEachin v. McGuiniss*, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting *Moorish Sci. Temple of Am. Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982); *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (*per curiam*) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

4

serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291, 50 L.

Ed. 2d 251 (1976); *see also Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970

F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040, 113 S. Ct. 828, 121 L. Ed. 2d 698 (1992).

"A serious medical condition exists where 'the failure to treat a prisoner's condition could

result in further significant injury or the unnecessary and wanton infliction of pain.'"

*Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*,

143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks omitted)). The Second Circuit

pointed out that:

> [medical] conditions . . . vary in severity and . . . a decision to
> leave a condition untreated will be constitutional or not
> depending on the facts of the particular case. Thus, a prisoner
> with a hang-nail has no constitutional right to treatment, but if
> prison officials deliberately ignore an infected gash, "the
> failure to provide appropriate treatment might well violate the
> Eighth Amendment."

*Id.* (quoting *Chance*, 143 F.3d at 702).

Nothing in Plaintiff's allegations indicate that DePerio chose to ignore a medical

problem that could lead to Plaintiff's further injury or the infliction of pain. In fact, Plaintiff

alleges that he did receive treatment but that the treatment provided was negligent. *See*

*Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S. Ct. 662, 664-65, 88 L. Ed. 2d 662 (1986)

(mere negligence on the part of state officials is not actionable under § 1983). The Court

finds that Plaintiff fails to allege that his condition constituted a serious medical need. An

isolated failure to provide medical treatment, without more, is generally not actionable

unless "the surrounding circumstances suggest a degree of deliberateness, rather than

inadvertence, in the failure to render meaningful treatment." *Gil v. Mooney*, 824 F.2d 192,

196 (2d Cir. 1987). The Court finds that the alleged circumstances surrounding Plaintiff's medical situation do not suggest any degree of deliberateness and therefore Plaintiff has failed to sufficiently allege a constitutional violation.

Plaintiff's amended complaint must allege facts which, if proven, would establish that he suffered from a serious medical need and that Dr. DePerio's treatment of that need suggested a degree of deliberate indifference. Plaintiff's failure to allege these facts in a non-conclusory fashion will lead to the dismissal of the amended complaint against Dr. DePerio with prejudice. Moreover, if Plaintiff fails to allege in the amended complaint that he exhausted his administrative remedies or to provide a reason as to why he did not exhaust, the claim against DePerio will be dismissed against DePerio without prejudice. See 42 U.S.C. § 1997e(a); Giano v. Goord, 380 F.3d 670, 675-76 (2d Cir. 2004).

## CONCLUSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed in forma pauperis is granted. For the reasons set forth above, Plaintiff's claims against Defendant Glenn Goord and New York State Department of Correctional Services are dismissed with prejudice. In addition, Plaintiff's claim against Dr. DePerio are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), unless he files an amended complaint which includes the necessary allegations regarding his Eighth Amendment claim of inadequate medical care as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Moreover, Plaintiff's amended complaint must include allegations regarding whether or not he exhausted his administrative remedies and, if not, why he did not.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior Complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. Int'l Controls Corp.*, 434 U.S. 1014, 98 S. Ct. 730, 54 L. Ed. 2d 758 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's amended complaint must include all of the allegations against DePerio so that the amended complaint may stand alone as the sole complaint in this action which said Defendant must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the original Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that Plaintiff's claims of inadequate medical care against Defendants Glenn Goord and the New York State Department of Correctional Services are dismissed with prejudice and the Clerk of the Court is directed to terminate Defendants Glenn Goord and the New York State Department of Correctional Services as parties to this action;

FURTHER, that Plaintiff is granted leave to file an amended complaint regarding only his claim of inadequate medical care against Dr. DePerio as directed above by **August 25, 2005**;

FURTHER, that the Clerk of the Court is directed to send to Plaintiff with this order a copy of the original Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event Plaintiff fails to file an amended complaint as directed above by **August 25, 2005**, the original Complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that if Plaintiff has not filed an amended complaint by **August 25, 2005**, the Clerk of the Court is directed to close this case as dismissed with prejudice;

FURTHER, that Plaintiff is directed to submit proof of compliance with 42 U.S.C. § 1997e(a) with respect to the claim raised in the Complaint against Dr. DePerio, or a detailed explanation of why the remedies were not fully exhausted, by **August 25, 2005**;

FURTHER, that in the event Plaintiff fails to file an amended complaint which sets forth facts showing his compliance with 42 U.S.C. § 1997e(a), or a detailed explanation of why the remedies were not fully exhausted by **August 25, 2005**, the Clerk of the Court is directed to close this case as dismissed without prejudice;

FURTHER, that in the event the Complaint is dismissed because Plaintiff has failed to file an amended complaint, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S.

8

438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal *in forma*

*pauperis* should be directed on motion to the United States Court of Appeals for the

Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.


SO ORDERED.

Dated:  _____, 2005
        Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge