-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GEORGE LIPINSKY, 02-A-4092,

        Plaintiff,

        -v-                                     **DECISION and ORDER**
                                                 05-CV-164S

DEPERIO, Dr., Correctional Physician,

        Defendant.

_____

Plaintiff has filed an additional request for an extension of time to file an Amended Complaint (Docket No. 6), which he was directed to file by the Court because the claim set forth in the initial complaint against defendant DePerio failed to state a claim upon which relief can be granted. (Docket No. 3). Plaintiff also requests the Court to compel the production of documents from the medical department of the Wyoming Correctional Facility. Plaintiff claims that he has made requests of the medical department for these documents but all they have provided to him are documents which are illegible.

Plaintiff's request for an extension of time is granted and Plaintiff must file an Amended Complaint, as directed in the Court's Order, dated August 2, 2005 (Docket No. 3), **by November 30, 2005**. If Plaintiff has not filed an Amended Complaint by November **30, 2005**, the Clerk of the Court is directed to close this case as dismissed with prejudice.

Plaintiff's request to compel the production of documents is denied as premature at this time because Plaintiff has not yet filed his Amended Complaint and, therefore, the Court has not had the opportunity to review it pursuant to 28 U.S.C. § § 1915(e)(2)(B) and

1915A, or to direct the U.S. Marshal to serve the Summons and Amended Complaint on Defendant.[1]

    SO ORDERED.

Dated:    September 29, 2005
              Buffalo, New York

                                      /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                    United States District Judge

---

[1] Plaintiff's request claims that he had previously been granted an extension of time to file exhibits and produce documents in this matter. A review of the docket sheet and file material, however, establishes that Plaintiff was only granted an extension of time to file an Amended Complaint. (Docket No. 5). He was not granted an extension of time to file exhibits or produce documents. Plaintiff may be referring to the fact that the Court's initial Order screening the Complaint pursuant to §§ 1915(e)(2)(B) and 1915A (Docket No. 3), also directed him to answer the questions set forth in the Court's Form § 1983 Prisoner Civil Rights Complaint regarding whether or not he had exhausted his administrative remedies with respect to the claims set forth against Defendant DePerio in this matter. *See* 42 U.S.C. § 1997e(a). Plaintiff was not directed that he had to file exhibits or produce documents but only to provide the information requested in the Form Complaint regarding whether he had exhausted his administrative remedies. Plaintiff is advised that he can only answer the questions related to exhaustion based on whatever information he has at this time and he will need to follow through with the Wyoming Correctional Facility to obtain copies of whatever documents he believes he needs and is entitled to. If and when Defendant DePerio is served and answers the Amended Complaint, Plaintiff can then serve a document request on Defendant's counsel.