-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GEORGE LIPINSKI, 02-A-4092,

        Plaintiff,

        -v-

DEPERIO, Dr., Correctional Physician,

        Defendant.

**DECISION and ORDER**
05-CV-164S

After the filing of Plaintiff's Complaint and his Application to proceed *in forma pauperis*, the Court granted Plaintiff's Application to proceed as a poor person and, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, dismissed the claims against former Defendants Glenn S. Goord, Commissioner of New York State Department of Correctional Services ("DOCS"), and DOCS with prejudice, and dismissed the claim against Defendant Dr. DePerio without prejudice to the filing of an amended complaint. (Docket No. 3). Plaintiff has filed both an Amended Complaint and a Motion for the Appointment of Counsel. (Docket Nos. 8-9). For the following reasons, the Amended Complaint is dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and the Motion for the Appointment of Counsel is denied as moot.

Plaintiff's initial Complaint was dismissed against Dr. DePerio without prejudice because it failed to allege that Dr. DePerio was deliberately indifferent to Plaintiff's serious medical needs. The Complaint alleged only that Dr. DePerio mis-diagnosed a heart ailment and prescribed Plaintiff the wrong medication, which caused him to suffer from headaches and nausea. The Court noted that there was nothing in the Complaint which

indicated that Dr. DePerio chose to ignore a medical problem that could lead to further injury or harm. In fact, the Court found that Plaintiff was not alleging that Dr. DePerio failed to treat him or was deliberately indifferent to a serious medical need but rather, that the treatment provided was negligent. Accordingly, the Court provided Plaintiff the opportunity to file an amended complaint in which he sufficiently alleged a claim of inadequate medical care under the Eighth Amendment to the United States Constitution.

Plaintiff's Amended Complaint against Dr. DePerio chronicles his medical treatment prior to and after his transfer to the Wyoming Correctional Facility, at which time he came under the care and treatment of Dr. DePerio. (Docket No. 8). Plaintiff alleges that prior to his transfer to Wyoming, he experienced episodes of chest pain, nausea and dizziness and was treated with certain medications, and that he had a documented medical history of motion sickness. Immediately upon his transfer to Wyoming on August 19, 2002, he suffered "another attack" while moving his property to his cell block. Plaintiff was treated by a nurse, who provided him with nitroglycerin and Tylenol, and made an appointment for him to see Dr. DePerio. He went to sick call the following day, but was not treated. Plaintiff went again on August 23 and 27, 2002, after he began experiencing nausea and dizziness in the middle of the night. He saw Dr. DePerio on August 27, 2002, who gave him a prescription for "MDUR" or "IMDUR," and advised him to take one pill per day. A few weeks later, Plaintiff became ill once again and informed Dr. DePerio that he was dizzy and suffering migraine headaches, which caused him to became nauseous and to vomit. Dr. DePerio prescribed Plaintiff medication for his dizziness.

2

Plaintiff next alleges that he continued to have symptoms of dizziness, migraine headaches and vomiting, and at times he became disoriented. He continued to see Dr. DePerio between October 2002 and October 2003, when he began seeing a Dr. Takos. Dr. DePerio continued to prescribe IMDUR, Naprosyn and Antivert, and told Plaintiff that he would need to get accustomed to the medication and its side-effects. According to Plaintiff, Dr. Takos advised him that the combination of the IMDUR and Antivert exacerbated his diagnosed motion sickness, took him off the IMDUR, and prescribed the same medication he was on before his transfer to Wyoming in August 2002. Plaintiff thus claims that he will continue to suffer from motion sickness and will always be on medication because Dr. DePerio's prescribed the wrong medication.

Despite the Amended Complaint's lengthier and more detailed description of Plaintiff's treatment by Dr. DePerio at Wyoming between August 2002 and October 2003, it nonetheless fails to state an actionable claim of deliberate indifference under the Eighth Amendment. The allegations, at most, rise to the level of negligence or medical malpractice relating to the prescription of medications with negative side-effects or negative interactions. There are simply no allegations which, if established, would show that Dr. DePerio was was deliberately indifferent to Plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 291, 50 L. Ed.2d 251 (1976); *Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040, 113 S. Ct. 828, 121 L. Ed.2d 698 (1992).

In order to state an actionable claim against Dr. DePerio, Plaintiff must adequately allege that Dr. DePerio had actual knowledge of Plaintiff's serious medical needs, but was

3

deliberately indifferent to those needs. See *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1978-79, 128 L. Ed.2d 811 (1994); *Brock v. Wright*, 315 F.3d 158 (2d Cir. 2003); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). While Dr. DePerio, as alleged, had or should have had knowledge of Plaintiff's motion sickness, there are simply no allegations that he was deliberately indifferent to Plaintiff's motion sickness or other symptoms. Dr. DePerio routinely treated Plaintiff, prescribed him an anti-dizziness medication after he complained of dizziness, which may or may not have been malpractice. Dr. DePerio also advised Plaintiff that he would need to get comfortable with the medication and its side-effects. The lone allegation that Dr. DePerio was deliberately indifferent is that he would not excuse Plaintiff from attending school, even though he had to walk "approximately two miles to attend school." This allegation does not support a claim of deliberate indifference under the Eighth Amendment.

"[N]ot every lapse in prison medical care[, assuming that is what this is,] will rise to the level of a constitutional violation." *Smith v. Carpenter*, 316 F.2d 178, 184 (2d Cir. 2003). Mere disagreement over proper treatment does not create a constitutional claim because prison officials have broad discretion to determine the type and extent of medical treatment given to inmates. *Thomas v. Pate*, 493 F.2d 151, 157 (7th Cir. 1974), *cert. denied*, 423 U.S. 877, 96 S. Ct. 149, 46 L. Ed.2d 110 (1975). Thus, a court cannot impose the same standards of medical care upon a prison as it would expect from a hospital. See, e.g., *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) (holding that a "correctional facility is not a health spa, but a prison in which convicted felons are incarcerated;" so long as the treatment given is adequate, the fact that a prisoner might prefer a different

4

treatment does not give rise to an Eighth Amendment violation). An isolated failure to provide medical treatment, without more, is generally not actionable unless "the surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment." *Gil v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987).

Furthermore, negligence, even if it constitutes medical malpractice, does not, without more, give rise to a constitutional claim. *See Estelle*, 429 U.S. at 105-06, 97 S. Ct. at 291-92. "[M]edical malpractice in some cases may rise to the level of deliberate indifference where it involves culpable recklessness, *i.e.*, an act or failure to act . . . that evinces a conscious disregard of a substantial risk of serious harm." *Atkins v. County of Orange*, 372 F. Supp. 2d 377, 408-09 (S.D.N.Y., 2005) (citations and internal quotations omitted). Despite Plaintiff's allegations of dizziness, nausea and vomiting caused by the interaction of the medications prescribed by Dr. DePerio, there are no allegations which support a claim that Dr. DePerio "consciously disregarded a substantial risk of serious harm." *McCoy v. Goord*, 255 F. Supp. 2d 233, 258-59 (S.D.N.Y. 2003) (*citing Hathaway v. Coughlin*, 37 F.3d at 66). Accordingly, while Plaintiff's Amended Complaint may state a claim of medical malpractice against Dr. DePerio, it does not state an actionable claim under the Eighth Amendment.

## CONCLUSION

For the reasons discussed above, the Amended Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed

if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. See 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L.Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### ORDER

IT HEREBY IS ORDERED, that the Amended Complaint is dismissed with prejudice and the Clerk of the Court should take all steps necessary to close this case;

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied; and

FURTHER, that the Motion for Appointment of Counsel (Docket No. 9) is denied and moot.

SO ORDERED.

Dated:     07/19, 2006
           Buffalo, New York

/s/ William M. Skretny
WILLIAM M. SKRETNY
United States District Judge